IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL ACTION

JOAN SMALL a/k/a JOAN GRAEBER

    Plaintiff,

vs.

CASE NO.:

PRISON HEALTH SERVICES, a Foreign Corporation and KEVIN RAMBOSK, COLLIER COUNTY SHERIFF,

2:10-cv-718-FtM-29SPC

    Defendants

_____/

## COMPLAINT

Plaintiff, JOAN SMALL a/k/a JOAN GRAEBER, hereby sues Defendants, PRISON HEALTH SERVICES, a Foreign Corporation and KEVIN RAMBOSK, COLLIER COUNTY SHERIFF, and pleads as follows

### GENERAL ALLEGATIONS

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00).

2. Plaintiff, JOAN SMALL a/k/a JOAN GRAEBER is a resident of New Jersey. At all times relevant to this suit, she was a resident of Florida. She was arrested and incarcerated in the Collier County Jail from August 26, 2008, to October 24, 2008, and from December 19, 2008, to February 5, 2009. On August 26, 2008, Plaintiff was approximately fourteen (14) weeks pregnant. She was pregnant until sometime before February 5, 2009, when it was discovered that her baby was dead.

3. Defendant Prison Health Services (hereinafter Defendant PHS) is a foreign

1

NOV 1 2010

corporation licensed and authorized to do business in the State of Florida. At all relevant times, Defendant Kevin Rambosk, as Sheriff of Collier County, contracted with Defendant PHS to provide medical care to inmates at the Collier County Hail by providing doctors, physicians' assistants and other healthcare workers to treat prisoners.

4. Defendant, KEVIN RAMBOSK, COLLIER COUNTY SHERIFF (hereinafter CCSO), was and is a sovereign governmental entity in Collier County, Florida, and is otherwise *sui juris*.

5. When Plaintiff entered the Collier County Jail on August 26, 2008, she was placed in the general women's population. A visit to the Naples Community Hospital on September 4, 2008, confirmed that she was fifteen (15) weeks pregnant with an approximate due date of February 4, 2009.

6. When Plaintiff was incarcerated in the Collier County Jail on December 19, 2008, she was placed in the medical unit within the jail.

7. Over the next thirty (30) days, Plaintiff had no treatment at the Women's Clinic despite Plaintiff making repeated requests for treatment. Among her requests was that she receive a RH-negative Rhogam shot that was prescribed for her.

8. Plaintiff was seen at the Women's Clinic on January 19, 2009. The medical doctor there told Plaintiff, as well as an employee of Defendant CCSO, that Plaintiff required a RH-negative Rhogam shot and a late term ultrasound.

9. These treatments did not occur. On January 28, 2009, a Defendant PHS progress note reported "vaginal spotting of coffee brown color" Further medical treatment

2

of Plaintiff was denied.

10. Plaintiff was taken to the Women's Clinic on February 3, 2009, at which time it was determined that Plaintiff's baby was dead. The medical doctor at the Clinic recommended immediate delivery of the dead baby.

11. The Clinic doctor's recommendation was not followed. Plaintiff's dead baby was not delivered until February 5, 2009.

## COUNT I
## 8TH AMENDMENT VIOLATION
## FAILURE TO PROVIDE MEDICAL TREATMENT BY DEFENDANT PHS

Plaintiff incorporates the general allegations and alleges:

12. As a jail detainee, Plaintiff had the constitutional right to medical care.

13. As a jail detainee, Plaintiff had the constitutional right to medical care once prison officials were alerted to her serious medical need.

14. As a jail detainee, Plaintiff had the constitutional right to medical treatment once it was determined that she had a potentially serious medical condition.

15. The constitutional rights set forth herein were clearly established at all relevant times.

16. The facts as alleged in Count I herein establish that Plaintiff demonstrated a strong likelihood of suffering a serious medical condition.

17. Defendant PHS acted with deliberate indifference to the threat, knowledge and certainty that Plaintiff had a serious medical condition.

18. Plaintiff had serious medical needs which were manifested in complications of her pregnancy.

3

19. Objectively, the medical needs of Plaintiff, by virtue of the strong likelihood of complications of her pregnancy were sufficiently serious such that Defendant PHS' deliberate indifference to those needs establishes a deprivation of Plaintiff's rights secured by the United States Constitution. This indifference caused Plaintiff injuries.

20. The facts alleged in the General Allegations including but not limited to the conveyance of information and the information conveyed to Defendant PHS' subjective perception of facts from which to infer a substantial risk to Plaintiff.

21. After becoming aware of facts from which to infer a substantial risk to Plaintiff and after drawing the inference of substantial risk to Plaintiff, Defendant PHS disregarded that risk by virtue of its failure to obtain and/or provide adequate medical treatment for Plaintiff. This failure caused Plaintiff injuries.

22. In disregarding the substantial risk to Plaintiff, Defendant PHS acted with deliberate indifference.

23. Defendant PHS was acting under color of state law.

24. Defendant PHS deprived Plaintiff of a right secured by the United States Constitution.

25. The deprivation of a right secured by the Constitution occurred without due process of law.

26. Defendant PHS' conduct violated a right so clearly established that any official in its position would have clearly understood that it was under an affirmative duty to refrain from withholding medical treatment and/or under an affirmative duty to

procure and provide said medical treatment.

27. The injury to Plaintiff occurred as a direct and proximate result of the deliberate indifference to her medical needs and thus the violation of her constitutional rights by Defendant PHS.

28. As a proximate result of Defendant PHS' violations of Plaintiff's constitutional rights, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, JOAN SMALL a/k/a JOAN GRAEBER, demands judgment for damages against Defendant, PRISON HEALTH SERVICES, for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), plus costs.

## COUNT II
## DEFENDANTS CCSO AND PHS
## UNCONSTITUTIONAL CUSTOM OR POLICY

Plaintiff realleges the General Allegations and alleges as follows:

29. For purposes of establishing a constitutional violation by a person acting under color of state law, Defendants CCSO and PHS are considered persons.

30. At all relevant times Defendants CCSO and PHS had an existing policy or custom to withhold medical treatment from jail detainees such as Plaintiff.

31. The application of the policy or custom of Defendants CCSO and PHS resulted in a deprivation of Plaintiff's constitutional rights under the 8th and/or 14th Amendments.

32. Plaintiff's serious injuries occurred as a result of Defendants' execution of the herein identified unconstitutional policy or custom.

33. In the alternative, if Defendants CCSO and PHS had in place a policy to provide detainees with medical treatment, Defendants were deliberately indifferent in their failure to enforce said policy.

34. Defendants CCSO's and PHS' failure and deliberate indifference to enforce said policy was a proximate cause of Plaintiff's injuries thus establishing a direct causal link between Defendants' policy or the failure to enforce same and the deprivation of Plaintiff's constitutional rights.

35. In the alternative and in the absence of any policy whatsoever with regard to the provision of medical treatment to detainees, Defendants CCSO and PHS were deliberately indifferent in their failure to establish a policy for the provision of medical care to detainees.

36. Defendants' failure and deliberate indifference to establish such a policy was a proximate cause of Plaintiff's injuries, thus establishing a direct causal link between Defendants' policy or absence thereof and the deprivation of Plaintiff's constitutional rights.

37. In the alternative and in the event Defendants did have a policy in place for the provision of medical care to pretrial detainees, Defendants were deliberately

6

indifferent in their failure to supervise jail staff in their treatment of jail detainees.

38. Defendants breached Plaintiff's constitutional privacy rights by discussing Plaintiff's medical issues without her consent and approval, which caused her embarrassment, harm, invasion of her privacy and pain and suffering.

39. Defendants' failure and deliberate indifference to supervise jail staff in the treatment of detainees in jail was a proximate cause of Plaintiff's injuries, thus establishing a direct causal link between Defendants' failure to supervise and the deprivation of Plaintiff's constitutional rights.

40. As a proximate result of Defendants CCSO's and PHS' actions aforesaid, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, JOAN SMALL a/k/a JOAN GRAEBER, demands judgment for damages against Defendant, PRISON HEALTH SERVICES, and Defendant KEVIN RAMBOSK, COLLIER COUNTY SHERIFF, for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), plus costs.

## DEMAND FOR JURY TRIAL

Plaintiff, JOAN SMALL a/k/a JOAN GRAEBER, demands a trial by Jury on all triable issues.

                                                Zelman & Hanlon, P.A.
                                                Attorneys for Plaintiff

By: _____
    Sharon M Hanlon, Esq.
    Florida Bar Number 946620

By: _____
    Theodore Zelman, Esq.
    Florida Bar Number 241741
    5633 Naples Blvd.
    Naples, FL 34109
    239-598-3222/ Fax 239-598-9002

Dated: October 27, 2010